**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANIEL S. WIANT,**

**CASE NO. 2:04-cv-256**
**CRIM. NO. 2:00-cr-108**

        **Petitioner,**

  **v.**

**JUDGE SARGUS**
**MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION AND ORDER**

On July 11, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 be dismissed. Petitioner has objected to the Magistrate Judge's *Report and Recommendation*.[1]

Petitioner objects to the denial of his motion to amend the petition to include an additional claim based upon the United States Supreme Court's recent decisions in *Blakely v. Washington, 124* S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005), as untimely. Petitioner argues that a claim of ineffective assistance of counsel based upon counsel's failure to raise at sentencing or on appeal an issue regarding *Blakely v. Washington,supra,* or *United States v. Booker, supra,* is nearly identical" to the claims he presented in his initial §2255 petition, and that such ineffective assistance of counsel claim therefore should relate back to the date the initial habeas petition was filed. *Objections*, at 2. This Court does not agree.

---

[1] On August 2, 2005, the Court granted petitioner's request for an extension of time to supplement his objections. *See* Doc. No. 82. However, to date, petitioner has failed to file any supplement to his objections.

As noted by the Magistrate Judge, in his initial habeas corpus petitioner asserted that he was denied the effective assistance of counsel and that his guilty plea was not knowing, intelligent or voluntary due to unkept off the record promises by the government regarding petitioner's sentence, and because his attorney failed to advise him that his wife was cooperating with the government. Such allegations raise no issue regarding an improper sentence.

> [A]mended habeas corpus claims generally must arise from the "same core facts," and not depend upon events which are separate both in time and type from the events upon which the original claims depended. *Mayle*[ *v. Felix*], 125 S.Ct. at 2570
>
> ***
>
> As the Supreme Court recently made crystal clear, *see Mayle*, 125 S.Ct. at 2570, a petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance. *See, e.g., Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir.2000); *Duffus*, 174 F.3d at 337.

*United States v. Ciampi*, – F.3d –, 2005 WL 1970060 (1st Cir. August 17, 2005).

For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation, supra,* petitioner's July 7, 2004, request to amend the petition to include additional claims based upon the United States Supreme Court's decisions in *Blakely* and *Booker* is **DENIED**.

Petitioner also objects to all of the Magistrate Judge's recommendations regarding his claims. He again raises all of the same arguments that were previously presented. Additionally, petitioner asserts that his allegations establish a claim of prosecutorial misconduct based upon the government's breach of the plea agreement. However, for the reasons discussed in the *Report and Recommendation*, the record is without support for such claim.

2

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner.  For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**

The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**.  Petitioner's request to amend the petition to is **DENIED**.  Petitioner's requests for discovery, an evidentiary hearing, and the appointment of counsel (Doc. No. 80) are **DENIED.**

This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

10-14-2005

EDMUND A. SARGUS, JR.
United States District Judge

3